UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. _____

MIRIAM COMPANIONI,

    Plaintiff,

v.

GREAT LAKES INSURANCE SE,

    Defendant.

_____ /

## DEFENDANT'S NOTICE OF REMOVAL

### I. INTRODUCTION

Defendant, Great Lakes Insurance SE ("Great Lakes"), removes the action pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 2021-003549-CA-01. The Miami-Dade County Circuit Court is within the Miami Division of the Southern District of Florida. Removal is based on diversity of citizenship pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. §§ 1446(a), (b), and (c), and in accordance with 28 U.S.C. § 1332(a), there being complete diversity of citizenship between Plaintiff, Miriam Companioni, and Great Lakes, and the matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

### II. PROCEDURAL BACKGROUND AND COMPLIANCE

Plaintiff filed its action in the state court on February 12, 2021.[1] Great Lakes was served with a copy of the Complaint on February 22, 2021, and the deadline to remove this action is thirty days from the date of service. See 28 U.S.C. § 1446(b); *Bailey v. Janssen Pharmaceutica, Inc.*,

---

[1] A current and correct copy of Miami-Dade County Circuit Court's progress docket is attached as **EXHIBIT A**.

536 F.3d 1202, 1205 (11th Cir. 2008) ("we interpret § 1446(b) to permit each defendant thirty days [following service of process] in which to seek removal."). Accordingly, Great Lakes' deadline for removal is March 24, 2021. Therefore, this notice is timely pursuant to 28 U.S.C. § 1446(b)(3).

Copies of all process, pleadings, orders, and other papers or exhibits of every kind available to be copied from the state court are attached as **COMPOSITE EXHIBIT B** in compliance with 28 U.S.C. § 1446(a). Great Lakes will file any supplemental papers not available as of the date of this notice if it becomes necessary.

Contemporaneous with the filing of this notice of removal, Great Lakes has served a notice of filing notice of removal upon Plaintiff as required by 28 U.S.C. § 1446(d), a copy of which (without exhibits) is attached as **EXHIBIT C**. The original notice, with exhibits, is being filed with the clerk of the state court in accordance with 28 U.S.C. § 1446(d).

Great Lakes is the only defendant named in this action, and it may remove the action without seeking the consent of any other party. *See White v. Bombardier Corp.*, 313 F.Supp.2d 1295, 1299-1300 (N.D. Fla. 2004); 28 U.S.C. § 1446(b).

As 28 U.S.C. § 1446(a) also requires, the grounds for removal are set forth below.

### III. SUMMARY OF THE GROUNDS FOR REMOVAL

Removal is based on diversity of citizenship pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. §§ 1446(a), (b), and (c), and in accordance with 28 U.S.C. § 1332(a), there being complete diversity of citizenship between Plaintiff and Defendant, and the matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

**A.     Removal is based on diversity of citizenship**

The foregoing action is properly removable to this Court pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. §§ 1446(a), (b), and (c), and in accordance with 28 U.S.C. § 1332(a), there being

complete diversity of citizenship between Plaintiff and Defendants, and the matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

28 U.S.C. § 1332(a)(2) provides in pertinent part:

(a)  The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

…

(2)  citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;

28 U.S.C. § 1332(a)(2).

Here, Plaintiff's estimated/claimed losses, which exceed $75,000 (exclusive of attorneys' fees), was information provided and made known to Great Lakes prior to the filing of this lawsuit. Specifically, on or about February 23, 2021, documents were provided to Great Lakes including: 1) a Letter of Representation from Plaintiff's counsel; 2) a copy of a previously issued claim denial letter sent by Great Lakes; 3) a signed and undated Proof of Loss signed by the Plaintiff, identifying a net claim amount of $110,756.02; and 4) a repair estimate from Bolt Adjusters, Inc. for a total of $120,256.02.  Both the Proof of Loss and repair estimate identify the scheduled and subject property.  Accordingly, the amount in controversy is more than sufficient to invoke this court's diversity jurisdiction at this time.

"When a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). If a plaintiff challenges a defendant's assertion of the amount in controversy, then "[i]n such a case,

both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 554.

As stated by the House Judiciary Committee Report on the Jurisdiction and Venue Clarification Act of 2011, "defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met. Discovery may be taken with regard to that question. In case of a dispute, the district court must make findings of jurisdictional fact to which the preponderance standard applies." H.R. Rep. No. 112–10, p. 16 (2011).

Further, Miriam Companioni is domiciled in the State of Florida, residing in Miami-Dade County with an intent to remain in Miami-Dade County. Evidence of domicile includes, but is not limited to, ownership of the subject property at all relevant times, including before and after the alleged date of loss, as well as Plaintiff's allegation in the Complaint that all times material hereto, Plaintiff has resided in Miami-Dade County. *See* Ex. B, Complaint ¶ 2. In addition, according to available public records, Plaintiff has been registered to vote in Miami-Dade County, FL since 1989, and also holds a Certified Nursing Assistant License issued by the Florida Department of Health in 1994 (CNA93121), which identifies the subject property as the "Address of Record"; this is further evidence of Plaintiff's domicile and intent to remain in Miami-Dade County, FL. [2]

---

[2] Available public records can be considered when determining a party's citizenship or domicile; these records could include property records and voter registration. *Brooks v. Sears, Roebuck and Co.*, No. 6:18-cv-5534-Orl-37DCA, 2018 WL 3445421, at *2 (M.D. Fla. Jul. 24, 2018); *Akkan v. Nationstar Mortg. LLC*, No. 1:16-cv-1999-WSD-LTW, 2016 WL 11260335, at *1 (N.D. Ga. Nov. 16, 2016); *Taylor v. American Heritage Church Finance, Inc.*, No. 6:10-cv-559-Orl-31GLK, 2010 WL 2889694, *1-2 (M.D. Fla. Jul. 19, 2010) ("Factors frequently taken into account when assessing the domicile of a party include: the party's current residence; payment of taxes; voter registration and voting practices; driver's license and automobile registration; situs of personal and real property…."); *Jakobot v. American Airlines, Inc.*, No. 10-61576-CIV, 2011 WL 2457915, *4 (S.D. Fla. Jun. 20, 2011); *Matos-Cruz v. JetBlue Airways Corp.*, No. 6:17-cv-380-Orl-37TBS, *1 (M.D. Fla. Aug. 1, 2017.

Great Lakes is a wholly owned subsidiary of Munich RE Group, a German Insurance Co. based in Munich, Germany with its principal place of business located therein. Thus, at the time of filing this Removal, there is complete diversity between the parties.

**B.    This Action is filed in Miami-Dade County, located in the Miami-Dade Division of this Court**

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

Here, Plaintiff has filed this action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, thereby submitting to the jurisdiction of Miami-Dade County as the proper venue. Miami-Dade County is located in the Miami Division of this Court. Accordingly, and without conceding that the current venue is proper, Defendant states that removal to the Miami Division of this Court is proper pursuant to 28 U.S.C. § 1441(a).

### IV. Conclusion

Removal is proper because the complaint falls within this Court's jurisdiction pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. §§ 1446(a), (b), and (c), and in accordance with 28 U.S.C. § 1332(a), there being complete diversity of citizenship between Plaintiff and Defendant, and the matter in controversy, exclusive of interest and costs, exceeds $75,000. Great Lakes has met all procedural requisites for removal, and this notice is timely filed. Accordingly, Great Lakes respectfully requests this court take jurisdiction and conduct all further proceedings in this case.

Submitted this March 24, 2021.

By:    */s/ David B. Levin*
Florida Bar No.: 026394
Baker, Donelson, Bearman,
Caldwell & Berkowitz, PC
1 Financial Plaza, Suite 1620
Fort Lauderdale, Florida 33394
Telephone: (954) 768-1600
dlevin@bakerdonelson.com
Attorneys for Great Lakes

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2021, I served a copy of the foregoing Notice of Removal electronically via CM/ECF or via U.S. mail to all parties/attorneys on the list to receive service/notice in this case, including but not limited to the following:

Robin D. Benjamin, Esquire
Benjamin Legal Group, P.A.
7344 SW 48th Street, Suite 302
Miami, Florida 33155
Office@Benjaminlegalgroup.com
Attorney for Plaintiff

*/s/ David B. Levin*
